UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ABDULLAH MANSUR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:15-cv-232-WTL-WGH |
| | ) | |
| LEANN LARIVA, Wareden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

The petitioner shall have through August 20, 20014 in which to either pay the $5.00 filing fee or demonstrate that he lacks the financial means to do so.

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition. This conclusion rests on the following facts and circumstances:

1. Petitioner Abdullah Mansur entered a conditional guilty plea agreement to being a felon in possession of a firearm. This occurred in the United States District Court for the Southern District of Ohio, where he was sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e)(the "ACCA"). The Sixth Circuit Court of Appeals rejected Mansur's argument on appeal that the district court had erred in denying his motion to suppress. *United States v. Mansur*, 375 F. App'x 458 (6th Cir. 2010).

2.     Mansur challenges his ACCA-enhanced sentenced based on the recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). It was held in *Johnson* that an increased sentence under residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), violates due process.

3.     Mansur seeks relief based via 28 U.S.C. § 2241(c)(3), invoking the savings clause of 28 U.S.C. § 2255(e). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).

5.     The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

6.     *Johnson* invalidated the residual clause of the ACCA on the basis of constitutional due process. It is not a case of statutory interpretation. Whether some avenue exists for the petitioner to see redress pursuant to 28 U.S.C. § 2255(h) cannot be determined here, but it is apparent from the face of his petition that Mansur cannot satisfy the *Brown* test referenced above in order to proceed pursuant to 28 U.S.C. § 2241.

7.     Based on the foregoing, Mansur has sought relief pursuant to 28 U.S.C. § 2241 in circumstances which do not permit the use of that remedy. His petition shows on its face that he is not entitled to the relief he seeks and that petition is therefore is **denied**.

## II.

Judgment consistent with this Entry shall now issue.

*[signature: William T Lawrence]*

    IT IS SO ORDERED.

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date:  8/3/15

Distribution:

ABDULLAH MANSUR
04627-061
TERRE HAUTE - FCI
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808